IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Larry Bruce Gregory,** ) | |
|     **Petitioner,** ) | |
| ) | |
| v. ) | 1:14cv1693 (TSE/MSN) |
| ) | |
| **Eric Wilson,** ) | |
|     **Respondent.** ) | |

MEMORANDUM OPINION

Larry Bruce Gregory, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that the application of the Armed Career Criminal Act ("ACCA") to his sentence must be vacated. Petitioner has moved to proceed in forma pauperis in this action. The initial petition was filed in this court as Case No. 1:14cv1693 (TSE/MSN). Petitioner subsequently filed a second § 2241 application, reiterating the same claim with the addition of a supporting memorandum of law, which was assigned Case No. 1:15cv888 (TSE/MSN). By Order dated October 2, 2015, the actions were consolidated under the instant case number, and Case No. 1:15cv888 (TSE/MSN) was dismissed as duplicative. Upon careful consideration, the petition must be dismissed, without prejudice, for the following reasons.

I.

Petitioner states in his Memorandum in Support of Motion (Dkt. No. 5 at 1) that he was indicted on November 6, 2008 in the Eastern District of North Carolina for being a felon in possession of a firearm. Case No. 5:08-CR-325-D. On March 23, 2009, he entered into a negotiated plea agreement, and the government agreed to submit a 3-point level sentence reduction for his acceptance of responsibility. Id. On August 4, 2009, petitioner was sentenced

to a term of incarceration of 192 months pursuant to the ACCA's residual clause for crimes of violence. Id. at 2.[1] According to petitioner, his presentence report reflected past crimes of larceny, "a couple of" breaking and entering charges, and a charge of eluding. Id. Judgment was entered on August 17, 2009, and petitioner did not appeal the decision.

The court's PACER system reveals that petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the trial court on July 30, 2010. Case No. 5:08-CR-325-D, Dkt. 34. He argued there, as he does here, that the sentence he received had been rendered unlawful by the United States Supreme Court's holding in Johnson v. United States, 559 U.S. 133 (2010). Specifically, petitioner contended that he did not have the three "crimes of violence against a person or persons" necessary to qualify for the enhanced penalties of the ACCA. In an amended pleading, Gregory also argued that his sentence as an armed career criminal should be vacated pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

By an Order dated July 29, 2013, Chief United States District Judge James C. Dever, III rejected petitioner's arguments. Case No. 5:08-cr-00325-D, Dkt. 49. Specifically, both claims were determined to have been procedurally defaulted, and alternatively to lack merit. Judge Dever reviewed Gregory's criminal history and found that he "has three predicate felonies and the ACCA's enhanced penalties were correctly applied." Id. at 4. Moreover,

> Johnson does not alter this conclusion. In Johnson, the Court discussed section 924(e)(2)(B)(I). See Johnson, 559 U.S. at 137-42. In contrast, Gregory's predicate convictions are defined at violent felonies under section 924(e)(2)(B)(ii). See Thompson, 421 F.3d at 283-84; Warren, 383 F. App'x at 361-6. Although Gregory argues that his burglaries did not entail a serious potential risk of physical injury to another, "Congress specifically named 'burglary' and

---

[1] Page 2 of the Memorandum follows page 4 on the court's electronic docket.

> 'extortion' as 'violent felon[ies] ... notwithstanding that those offenses can be committed without violence." Johnson, 559 U.S. at 142. Accordingly, the claim fails.
>
> * * *
>
> ... In Simmons, the Fourth Circuit recognized that despite the general availability of maximum sentences exceeding one year for a hypothetical defendant convicted of a given crime, North Carolina's structured sentencing scheme may result in a maximum sentence of one year or less for a particular defendant. Simmons, 649 F.3d at 244. Thus, to determine whether a crime was a predicate felony for a federal sentencing enhancement because it was 'punishable by imprisonment for a term exceeding one year,' the sentencing court must examine the maximum sentence the particular defendant actually faced. Id. at 249-50. As discussed, the court correctly sentenced Gregory under the ACCA's enhanced penalties because Gregory had three prior convictions for crimes of violence that were punishable by imprisonment for a term exceeding one year. In fact, Gregory actually received terms of imprisonment exceeding one year for each of these crimes - 9 years, 9 years, and 11 to 14 months, respectively, See PSR ¶¶ 8-9, 24. Thus, Simmons does not help Gregory.

Id. at 4-5. The Court denied a certificate of appealability, id. at 5, and the Fourth Circuit Court of Appeals subsequently dismissed Gregory's appeal of the denial of his § 2255 motion in an unpublished *per curiam* decision. United States v. Gregory, R. No. 13-7289 (Dec. 20, 2013).

In this action, Gregory reiterates the argument that application of the ACCA to enhance his sentence was invalid because he "does not have the requisite predicate priors" both because the sentencing court relied on crimes that were not "violent felonies" and because they were consolidated for sentencing purposes and therefore should be counted as a single conviction. Pet. at 7-8. He argues that the remedy available under § 2255 is inadequate or ineffective to redress this claim because recently-decided case law bolsters his position and "therefore, the § 2241 is appropriate ... under the 'savings clause'" to provide him with "an opportunity to have [] a fair

and full hearing to determine the merits of the case." Pet. at 6. As relief, petitioner requests to be resentenced "without the ACCA enhancement to a term for the charge of Felon in Possession only." Pet. at 9.

## II.

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their conviction and sentences through § 2255."). The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for § 2255 federal habeas corpus relief by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Now, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he demonstrates that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e).[2] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5. Nonetheless - and of particular importance here - the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not

---

[2] "This 'inadequate and ineffective' exception is known as 'the savings clause' to [the' limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671 at *3 (E.D. Va. Apr. 12, 2012) (quoting In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

4

rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (internal citations omitted). Thus, a federal inmate may proceed under § 2241 to challenge his conviction or sentence "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008).

The Fourth Circuit has announced a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." Id. at 333 n. 3.

### III.

Petitioner's claim is not cognizable under § 2241. Specifically, petitioner cannot satisfy the Jones criteria because he cannot show that the substantive law has changed such that the conduct that gave rise to his conviction in this case is no longer deemed criminal. Indeed, petitioner makes no claim that he is actually innocent of the crimes that led to his conviction and sentence; rather, he argues only that changes in the law have disqualified the prior convictions that were used to enhance his sentence under the ACCA.

Fourth Circuit precedent teaches without exception that the savings clause only preserves claims where a petitioner alleges actual innocence of a conviction; it does not extend to claims of innocence of a sentencing factor. United States v. Poole, 531 F.3d 263, 267 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); see also, United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) ("Actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from actual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (holding that "the language in Jones ... refers only to the conduct of conviction" and declining to apply the savings clause to claims of "actual innocence" of a sentence enhancement).

The same principle applies where, as here, the challenge to the sentence is specifically based on the applicability of the ACCA. In Sheppard v. Warden, FCI Estill, 2011 WL 1326206 (D.S.C. Mar. 21, 2011), a defendant pleaded guilty to unlawful transport of firearms and was sentenced as an armed career criminal under the ACCA to serve 180 months in prison. After securing no relief on direct appeal or in a postconviction proceeding pursuant to § 2255, he filed a petition for § 2241 habeas relief, arguing pursuant to Johnson v. United States, supra, that he should not have been sentenced as an armed career criminal because his predicate burglary offenses were non-violent. In addition, he argued as does the petitioner in this case that the two burglary convictions should have been counted as a single sentence. Magistrate Judge Shiva Hodges determined that the petition "should be dismissed because Petitioner's claims are cognizable only through a first appeal and/or under 28 U.S.C. §2255, not under 28 U.S.C. §2241." Id. at *2. The court rejected the Petitioner's reliance on the Jones savings clause on the

ground that "[t]he test established in In re Jones has been specifically construed in this district in cases involving § 2241 petitions to find that claims of actual innocence of an enhanced sentence - as opposed to actual innocence of the underlying conviction - are not properly raised via § 2241." Id. at *3. United States District Judge Richard Mark Gergel adopted the magistrate's report and recommendation and dismissed the petition, 2011 WL 1258556 (Apr. 5, 2011), and the United States Court of Appeals affirmed that decision in an unpublished *per curiam* opinion. Sheppard v. Warden of FCI Estill, 441 F. App'x 980 (4th Cir. Aug. 2, 2011). Accord, Farrow v. Revell, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (unpublished) (petitioner's challenge to his armed career criminal status is not cognizable under §2241 because the savings clause preserves only claims in which petitioner alleges actual innocence of his conviction); McCode v. Zeigler, 2015 WL 362657 (S.D.W.Va. Jan. 27, 2015) (claim that changes in the law disqualified prior convictions used to enhance Petitioner's sentence under the ACCA not cognizable under § 2241); Moon v. United States, 2012 WL 6212616, *2 (D.S.C. Dec. 13, 2012) (challenge to armed career criminal sentencing enhancement based on Simmons may not be raised under §2241).

    For the foregoing reasons, the petitioner in this case cannot satisfy the Jones criteria, because he does not rely on a change in the substantive law relating to the criminality of his behavior; instead, he argues only that the ACCA enhancement that was applied to his sentence is no longer valid pursuant to Johnson and Simmons. Because petitioner's claim falls outside the § 2255 savings clause, he may not proceed under § 2241, and the instant application must be construed as a successive motion for relief under § 2255. As such, the motion may not be brought unless certified as provided in 28 U.S.C. § 2244 by a panel of the Fourth Circuit Court of Appeals. Because no such certification has been granted, this petition must be dismissed,

7

without prejudice to petitioner's ability to apply for § 2244 certification to the Fourth Circuit Court of Appeals. Petitioner is advised that if such certification is granted, venue for his claim would lie in the sentencing court, the United States District Court for the Eastern District of North Carolina.[3]

An appropriate Order shall issue.

Entered this 23rd day of Nov. 2015.

Alexandria, Virginia

/s/ T. S. Ellis, III
United States District Judge

---

[3]While an application for § 2241 habeas corpus relief should be filed in the district where the petitioner is confined, a motion to vacate under § 2255 must be filed with the sentencing court. In re Vial, 115 F.3d at 1194.

8